DYK, Circuit Judge,
concurring in the denial of the petition for rehearing en banc.
To me both sides here are partly right and partly wrong or at least partly unclear. I agree with Judge Hughes that the presumption of competence of medical examiners is reasonable, as is placing the burden on the veteran to raise any issue as to competence. At the same time I also agree with Judge Reyna that the veteran should be able to secure information about the examiner’s qualifications from the Department of Veterans Affairs (“VA”) upon request without securing a Board of Veterans’ Appeals or court order. Judge Hughes declines to opine as to when the VA’s duty to assist requires it to supply qualifications information and suggests that the veteran may need to provide a “reason” to suspect an examiner is incompetent. In my view, imposing such an obligation on the VA to routinely provide qualifications information to the veteran in response to a request (as part of the duty to assist) should not place an undue burden on the VA. This case involves no such request. But one might *1349 hope that the VA would adopt that approach for the future so that the veteran on request will have the information necessary to mount a challenge to the medical examiner’s qualifications.